UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**CSX Transportation, Inc.**
500 Water Street
Jacksonville, FL 32202-4423

        **Plaintiff,**

    v.

**Parker Towing Company, Inc.**, *in personam,*
P.O. Box 020908
Tuscaloosa, AL 35402

and

**Tug M/V Randy Baygents**,
Official No. 570125,
her engines, boilers, tackle, equipment, appurtenances, and cargo, *in rem,*

and

**Barge PTC 625**, Official No. 1214884
her tackle, equipment, appurtenances, and cargo, *in rem.*

        **Defendants.**

CASE NO: 21-cv-507

IN ADMIRALTY

RULE 9(h), FRCP

# COMPLAINT

    Plaintiff CSX Transportation, Inc., files this Complaint in Admiralty against Defendants and alleges as follows:

## PARTIES

1. Plaintiff CSX Transportation, Inc., ("CSX"), is an interstate rail carrier incorporated under the laws of the Commonwealth of Virginia, with its principal place of business in Jacksonville, Florida.

2. Defendant, Parker Towing Company, Inc. ("Parker"), is incorporated under the laws of the state of Alabama, with its principal place of business in Tuscaloosa, Alabama.

3. Defendant, tug M/V Randy Baygents, is an American flagged steel towing vessel, approximately 111.5 feet in length, built in 1975, documented by the United States Coast Guard with Official No. 570125, and is owned by Defendant, Parker.

4. Based upon information and belief the tug, M/V Randy Baygents, will be within the Southern District of Alabama while this action is pending.

5. Defendant, Barge PTC 625, is a hopper barge, Official No. 1214884, and is owned by Defendant, Parker.

6. Based upon information and belief, defendant Barge PTC 625, will be within the Southern District of Alabama while this action is pending.

## JURISDICTION

7. This is a case for property damage caused by a vessel on the navigable waters of the United States and comes within this Court's original admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, 46 U.S.C. § 30101, and Rule 9(h) of the Federal Rules of Civil Procedure.

## VENUE

8. Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the plaintiff's claims occurred in this district.

## PREDICATE FACTS

9. CSX is the owner of the Chickasawbogue railroad swing bridge located in Mobile, Alabama (the "Bridge").

10. The Bridge spans the Chickasaw Creek Channel near the Mobile River in Mobile, Alabama.

11. The Bridge is a 375 foot long through truss made up of 16 panels and is comprised of riveted built-up members. The Bridge has a timber fender system to protect it while in the open position to marine traffic.

12. Parker owned and operated the M/V Randy Baygents at all times relevant to this action.

13. On February 8, 2019, the M/V Randy Baygents was pushing three empty hopper barges, including Barge PTC 625 (the "Flotilla"), while traveling on the Mobile River in Mobile, Alabama and was heading towards Chickasaw Creek.

14. As the M/V Randy Baygents was pushing the Flotilla, the lead barge, Barge PTC 625, broke loose, ran away down river, and ran over the Bridge's fender system and struck the Bridge while it was in the open position causing it to swing open past its capabilities (the "Allision").

15. As a result of the Allision, the Bridge suffered serious damage all of which required significant repairs.

16. Also, as a result of the Allision, the Bridge was shut down for several hours interrupting CSX's rail operations.

17. Shortly after the Allision, on February 13, 2019, CSX provided Parker with notice that CSX was holding Parker liable for the damages CSX incurred.

18. Based upon information and belief, Parker owned the M/V Randy Baygents, Barge PTC 625, and the Flotilla, which were engaged in a commercial undertaking, or common enterprise, for the benefit of Parker. Further, upon information and belief, all vessels were subject to a single command. As such, all do or may have *in rem* liability as further set forth herein.

19. As a result of the Allision, CSX incurred repair and replacement costs totaling an amount not less than $697,536.54.

## CAUSES OF ACTION

### Negligence

20. CSX incorporates the above paragraphs as if set forth fully herein.

21. Parker was under a duty to entrust its tug, the M/V Randy Baygents, and barge, Barge PTC 625, to an individual(s) and/or entity(ies) that would operate the vessel in a safe and reasonable manner.

22. Parker was under a duty to entrust its tug, the M/V Randy Baygents, and barge, Barge PTC 625, to an individual(s) and/or entity(ies) that would operate the vessel in a manner to avoid the risk of physical harm to others including avoiding causing significant property damage to property owned by third-parties, such as CSX.

23. Parker breached its duty by entrusting its employee and/or agent, the Pilot or Master with possession and control of its tug, the M/V Randy Baygents, and barge, Barge PTC

4

625, even though Parker knew its employee and/or agent, the Pilot or Master tasked with operating the tug, the M/V Randy Baygents, was incapable of safely operating the tug and barge, and as a result of Parker's negligent operation of the M/V Randy Baygents and Barge PTC 625, CSX incurred significant damages to its Bridge.

24. Parker was under a duty to use due care in operating the M/V Randy Baygents and its tow while navigating the Bridge.

25. Parker breached this duty through the negligent acts and/or omissions of itself and/or its agents, employees and/or servants including, but not limited to, the following:

   a. Failure to properly makeup and handle the Flotilla;

   b. Failure to keep a proper lookout;

   c. Failure to safely maintain control of the M/V Randy Baygents and her tow;

   d. Failure to take proper evasive action to avoid the resulting Allision;

   e. Failure to stop and/or slow the M/V Randy Baygents in time to avoid the resulting Allision;

   f. Operating the M/V Randy Baygents, and her tow, in a generally careless and/or reckless manner without due regard for the safety and property of others;

   g. Improper or negligent navigation;

   h. Using a vessel that was unseaworthy;

   i. Improperly and insufficiently manning the M/V Randy Baygents;

   j. The M/V Randy Baygents and its crew violated statutes and regulations commonly referred to as The Inland Navigation Rules, and accordingly, are guilty of statutory fault or violation of the Rules of the Road;

  k. The M/V Randy Baygents and/or its tow improperly approached the Bridge and failed to heed instructions, and/or to properly keep her tow in control so as to avoid an allision; and

  l. All other acts and omissions, which will be shown prior to or at the trial of this matter.

 26. As a direct and proximate result of Defendants' negligence, the Bridge incurred significant damages.

 27. As a further proximate result of Defendants' negligence, CSX incurred expenses to inspect the damages, remove debris, replace, and repair the swing span, center pivot pier, center pin and pivot bearing, and fender system, and to perform such other work and repairs as necessary because of the Allision.

 28. The Allision described herein and all loss, damages, and injuries resulting therefrom was in no way caused and/or contributed to by any fault, neglect, and/or want of care on the part of CSX, or on the part of anyone whose conduct CSX is responsible; but, was the result of and caused solely by the fault, neglect and want of care on the part of Parker and/or its agents, employees, and/or servants.

 29. CSX is entitled to recover from Defendants damages in the amount not less than $697,536.54, which represent the costs to replace and repair its property that was damaged as a direct and proximate result of the Defendants' aforementioned acts and omissions, plus delays, loss of use, rail traffic interruptions, and other losses.

 **WHEREFORE**, Plaintiff, CSX Transportation, Inc. prays:

a. That a warrant, *in rem*, for the arrest of the tug, M/V Randy Baygents, and the barge, Barge PTC 625, is issued and that all persons claiming an interest therein be cited to appear and answer the matters stated in this Complaint;

b. That this Court render judgment in favor of Plaintiff, CSX Transportation, Inc., against Defendants, Parker Towing Company, Inc., *in personam*, and the Tug M/V Randy Baygents, Official No. 570125 and Barge PTC 625, Official No. 1214884, *in rem*, jointly and severally, or in proportion to their respective percentages of fault, for an amount not less than $697,536.54, or such amount as may be proven at trial, plus *custodia legis* costs and expenses, pre-judgment and post-judgment interest, and costs and attorney's fees expended in this matter;

c. That the tug, M/V Randy Baygents, be condemned and sold to satisfy judgment;

d. That the barge, Barge PTC 625, be condemned and sold to satisfy judgment; and

e. That Plaintiff, CSX Transportation, Inc., have such further relief as this Court deems appropriate.

Respectfully submitted,

**Burr & Forman LLP**

By: *s/ John P. Kavanagh, Jr.*
John P. Kavanagh, Jr
11 North Water Street, Suite 22200
Mobile, Alabama 36602
jkavanagh@burr.com

Turner B. Williams
420 North 20th Street, Suite 3400
Birmingham, AL 35203
twilliams@burr.com

Date: November 24, 2021

*Attorneys for Plaintiff*
*CSX Transportation, Inc.*

**PLEASE WITHHOLD *IN REM* SERVICE UNTIL FURTHER NOTICE**